IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR A. ROBINSON, | : | CIVIL ACTION |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MARIROSA LAMAS, et al., | : | NO. 11-2728 |
|    Respondents. | : | |

<u>ORDER</u>

AND NOW, this 23rd day of April 2014, upon consideration of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Doc. No. 19) and Petitioner Jamar A. Robinson's objections thereto (Doc. No. 23), and upon independent review of Robinson's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) and memoranda in support thereof (Doc. Nos. 5, 15), it is hereby ORDERED as follows:

1. This matter is removed from civil suspense.

2. Robinson's objections (Doc. No. 23) are OVERRULED. This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Robinson objects to four aspects of the Report and Recommendation ("R&R").

   First, Robinson argues that his claim under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), concerning Tezzie Dunlap's plea agreement is not procedurally defaulted. (Pet'r's Objections 5–6, Doc. No. 23.) This objection is overruled because federal habeas relief is unavailable where "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." <u>Coleman v. Thompson</u>, 501 U.S. 722, 730 (1991). In Pennsylvania, petitions under the Commonwealth's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 <u>et seq.</u>, must be "filed within one year of the date the judgment becomes final," <u>id.</u> § 9545(b)(1). Robinson failed to raise his <u>Brady</u> claim within this one-year period. In early 2006, a jury convicted Robinson of numerous crimes and the trial court sentenced him to life in prison. (Pa. Sup. Ct. Mem. 1–2, Dec. 9, 2011, Doc. No. 18-5.) Robinson's conviction and sentence became final in September 2007 when the Supreme Court of Pennsylvania denied his petition for allowance of appeal. (<u>Id.</u> at 2.) In September 2008, Robinson filed a timely PCRA petition that led the Superior Court of Pennsylvania to vacate his sentence (but not his conviction). (<u>Id.</u> at 2–3.) After the trial court resentenced him in December 2010,

Robinson filed a second PCRA petition in which he raised his Brady claim. (Id. at 3.) The trial court dismissed Robinson's second petition as untimely because it raised "claims relating solely to his January 2006 trial, and *not* to the 'new' sentence imposed in December 2010." (Pa. Ct. Com. Pl. Op. 13, July 13, 2011, Doc. No. 18-60.) The Superior Court affirmed, holding that "Robinson's resentencing did not re-set the time period in which he had to file a timely PCRA petition" because "the relief granted to Robinson in response to his initial PCRA petition did not reinstate his direct appellate rights or disturb his convictions." (Pa. Sup. Ct. Mem. 8, Dec. 9, 2011.) Because it rests upon an independent and adequate state-law ground,[1] the Superior Court's decision forecloses federal habeas review unless Robinson can demonstrate cause and prejudice or make a showing of innocence. See, e.g., Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996). Robinson makes no attempt to excuse his failure to exhaust state-law remedies.

Second, Robinson argues that he "was denied his Sixth Amendment right to effective counsel when trial counsel failed to object to the omission of third degree murder as an option for the jury to consider after the jury conveyed that they were deadlocked on first degree murder." (Pet'r's Objections 7 (capitalization omitted).) On January 25, 2006, the trial court gave the jury the following instruction regarding third-degree murder:

> 'If you find the defendant not guilty of murder in the second degree or, again, if, after all reasonable efforts, the jury is unable to reach a verdict on murder of the second degree, you may then go on to consider the lesser offense of murder in the third degree and make that determination, whether guilty or not guilty.'

(Pa. Ct. Com. Pl. Op. 8, Apr. 20, 2010, Doc. No. 18-59 (quoting Trial Tr. 50–52, Jan. 25, 2006).) The next day, the jury informed the trial court that it was deadlocked on the first-degree murder charge. (Id.) The trial court then instructed the jury to "'resume [its] deliberations in a conscientious effort to arrive at a unanimous verdict with respect to first degree murder,'" and to "'consider the lesser offense of second degree murder'" if it was "'unable to reach a verdict on the greater offense of first degree murder.'" (Resp't's Opp. 15, Doc. No. 9 (quoting Trial Tr. 109–10, Jan. 26, 2006).) Robinson claims that this instruction "conveyed to the jury all they had to consider was first and second degree [murder]," and that his counsel was therefore ineffective for not objecting to it. (Pet'r's Objections 7.) This objection is overruled because a "jury instruction 'may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.'" Waddington v. Sarausad, 555 U.S. 179, 191 (2009) (quoting Estelle v. McGuire, 502 U.S. 62, 72 (1991)). The trial court instructed the jury that it

---

[1] The cases Robinson relies upon are not to the contrary because, among other reasons, they address federal law. See Magwood v. Patterson, 561 U.S. 320 (2010); Johnson v. United States, 623 F.3d 41 (2d Cir. 2010); Lesko v. Wetzel, No. 11-1049, 2012 WL 1111226 (W.D. Pa. Apr. 2, 2012). Robinson's second PCRA petition was dismissed on state-law grounds.

could convict Robinson of third-degree murder. When the jury reported that it was deadlocked on the first-degree murder charge, the trial court properly instructed the jury to consider second-degree murder if it was unable to convict Robinson of first-degree murder. Read in context, the trial court's instructions "clearly and accurately instructed the jury on the progression they were to take in their deliberations." (R&R 17, Doc. No. 19.) Robinson suffered no prejudice from his counsel's failure to object to these instructions.

Third, Robinson argues that his trial counsel provided ineffective assistance by failing to remove Robin Wilkes from a list of alibi witnesses that Robinson intended to call. (Pet'r's Objections 8–11.) Robinson claims that if his counsel had removed Wilkes from this list, "[t]he prosecutor would've been precluded from requesting a missing witness instruction." (Id. at 10.) This objection is overruled. Under Pennsylvania law, "where an accused raises an alibi defense and names a person who it is claimed can support the defense but fails to call him as a witness, it is permissible for the jury to infer that the testimony of the absent witness would not have been favorable to the accused." Commonwealth v. Leonard, 453 A.2d 587, 590 (Pa. 1982). Robinson testified that he was with Wilkes at the time of the shooting, but failed to call Wilkes as a witness. (See Trial Tr. 8:14–12:10, Jan. 23, 2006, Doc. No. 18-120.) This testimony justified the missing witness instruction regardless of whether Robinson's counsel listed Wilkes as an intended witness. Accordingly, Robinson was not prejudiced by his counsel's failure to remove Wilkes from the list of intended alibi witnesses.

Fourth, Robinson argues that he "has at least made a substantial showing of the denial of a constitutional right and is entitled to a certificate of appealability." (Pet'r's Objections 11.) This objection is overruled because jurists of reason could neither disagree with this Court's resolution of Robinson's Sixth Amendment claims nor conclude that these claims deserve encouragement to proceed further.

3. The Report and Recommendation (Doc. No. 19) is APPROVED and ADOPTED.

4. Robinson's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DISMISSED without an evidentiary hearing.

5. No certificate of appealability shall issue.

6. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.